IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | |
|---|---|
| JOSEPH DOUGLAS BALDRIDGE and <br> JULIE ANNE BALDRIDGE <br> 640 Taylor Drive <br> Liberty, MO 64068 <br><br> Plaintiffs, <br><br> v. <br><br> INVACARE CORPORATION <br><br> and <br><br> APRIA HEALTHCARE, INC. <br> SERVE AT: <br> National Registered Agents, Inc. <br> 300-B East High Street <br> Jefferson City, MO 65101 <br><br> Defendants. | Case No. 12CY-CV00256 <br><br> FILED <br> FEB 1 2012 <br> CLAY COUNTY <br> CIRCUIT COURT |

## AMENDED PETITION FOR DAMAGES

COME NOW Plaintiffs Joseph Douglas Baldridge and Julie Anne Baldridge, by and through their attorneys of record, and for their causes of action against the Defendants, state and allege as follows:

1. Plaintiffs are husband and wife, citizens, and residents of the State of Missouri, residing at the address stated above in Liberty, Clay County, Missouri, and are not minors.

2. Defendant Invacare Corporation (hereinafter "Defendant Invacare") is an Ohio Corporation licensed to do business in the State of Missouri. Defendant Invacare had and has an office or agent for the transaction of its usual and customary business in Clayton, St. Louis County, Missouri and may be served at the address set forth in the caption.

3. Defendant Invacare was, at all times complained of herein, doing acts of business in the State of Missouri and such acts constituted the nexus of the damages complained of herein.

1


EXHIBIT B

Defendant Invacare designed, manufactured, assembled and distributed a defective product which foreseeably found its way into this State resulting in the incident and damages complained of herein. Defendant Invacare designed, manufactured, assembled and distributed the Wheelchair, Model TDXSP, from which Plaintiff Joseph Douglas Baldridge was thrown at the time of the incident complained of herein.

4. Defendant Apria Healthcare, Inc. (hereinafter "Defendant Apria") is a Missouri corporation in good standing and may be served at the address set forth in the caption. Defendant Apria sold the Wheelchair, Model TDXSP, which was involved in the incident complained of herein.

5. Jurisdiction and venue are proper under Missouri law.

6. On or about December 18, 2007, Plaintiff Joseph Douglas Baldridge owned a Wheelchair, Model TDXSP, which was designed, manufactured, assembled and distributed by Defendant Invacare and sold to Plaintiff Joseph Douglas Baldridge by Defendant Apria.

7. On or about December 18, 2007, Plaintiff Joseph Douglas Baldridge was traveling in the Wheelchair, Model TDXSP, down the ramp from his van and was thrown forward from the Wheelchair, Model TDXSP. As a direct result of this incident, Plaintiff Doug Baldridge experienced serious, permanent and progressive injuries, including breaking both of his lower extremities.

## COUNT I

8. Plaintiffs hereby incorporate the above paragraphs as though fully set forth herein.

9. Defendant Invacare was careless and negligent in each of the following respects:

 (a) That Defendant Invacare carelessly and negligently designed, manufactured, assembled and distributed the Wheelchair, Model TDXSP;

(b) That Defendant Invacare carelessly and negligently failed to give adequate recalls to purchasers and users of the Wheelchair, Model TDXSP, including Plaintiffs, about the unreasonably dangerous and defective condition of the Wheelchair, Model TDXSP, and the dangerous propensity of the Wheelchair, Model TDXSP, to rock forward or to the side and thereby cause unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP, including Plaintiff Joseph Douglas Baldridge;

(c) That Defendant Invacare carelessly and negligently put into the stream of commerce the unreasonably dangerous and defective Wheelchair, Model TDXSP, which was eminently dangerous to persons and property when the Wheelchair, Model TDXSP, was used in a manner reasonably to be anticipated by said Defendant because of the dangerous propensity of the Wheelchair, Model TDXSP, to rock forward or to the side and thereby cause unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP;

(d) That Defendant Invacare carelessly and negligently failed to design, manufacture, assemble and distribute the Wheelchair, Model TDXSP, to withstand the foreseeable issues with the stability lock feature not engaging so the Wheelchair, Model TDXSP, would rock forward or to the side and thereby cause unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP, including Plaintiff Joseph Douglas Baldridge;

(e) That Defendant Invacare carelessly and negligently failed to design, manufacture, assemble and distribute the Wheelchair, Model TDXSP, with

3

adequate structure integrity to withstand the stability of forward movement so the Wheelchair, Model TDXSP, would not rock forward or to the side and thereby cause unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP, including Plaintiff Joseph Douglas Baldridge;

(f) That Defendant Invacare carelessly and negligently failed to design, manufacture, assemble and distribute the Wheelchair, Model TDXSP, with adequate testing of the stability lock feature, so that it would not rock forward or to the side thereby causing unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP, including Plaintiff Joseph Douglas Baldridge; and

(g) That Defendant Invacare carelessly and negligently failed to properly design the stability lock feature to withstand forces when moving the Wheelchair, Model TDXSP, forward, so that it would not rock forward or to the side thereby causing unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP, including Plaintiff Joseph Douglas Baldridge.

10. That Defendant Invacare sold the product with knowledge of the defects and dangers hereinabove alleged and committed the negligent acts hereinabove alleged under circumstances which show complete indifference to or conscious disregard for the safety of others.

11. That the Wheelchair, Model TDXSP, at the time of the incident that is the subject of this Petition, was in substantially the same condition as when it was designed, manufactured, assembled and distributed by Defendant Invacare.

4

12. The Wheelchair, Model TDXSP, as designed, manufactured, assembled and distributed by Defendant Invacare, was defective and unreasonably dangerous when put to a reasonably anticipated use.

13. At all times herein mentioned, said Wheelchair, Model TDXSP, was being used in the manner intended, or reasonably anticipated, by Defendant Invacare.

14. The Wheelchair, Model TDXSP, was then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that the structure of the stability lock feature would not engage properly causing the wheelchair to rock forward onto its front riggings and throw the person forward out of the wheelchair.

15. As a direct and proximate result of said carelessness and negligence of Defendant Invacare, Plaintiff Joseph Douglas Baldridge experienced serious, permanent and progressive injuries, including breaking both of his lower extremities.

16. Plaintiffs Joseph Douglas Baldridge and Julie Anne Baldridge, as a direct result of the negligence of Defendant Invacare, have suffered serious, permanent and progressive injuries.

17. These injuries were and are extremely painful and have required medical expenses to be incurred and will require future medical expenses.

18. Plaintiffs have suffered great pain and anguish of body and mind. By reason of these said injuries and the effects thereof, Plaintiffs are obligated for numerous medical bills, hospital bills, drugs and related expenses. These injuries caused by Defendant Invacare's negligence, and the resulting required medical treatment have caused Plaintiff Joseph Douglas Baldridge a loss of earnings and his power to work and labor has been permanently effected. Plaintiff Joseph Douglas Baldridge has been caused to suffer great physical pain and mental anguish and will also suffer in the future. All such permanent injury, pain and suffering, lost earnings and impairment of earning

5

capacity has damaged both Plaintiff Joseph Douglas Baldridge and Plaintiff Julie Anne Baldridge greatly.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter judgment against Defendant Invacare for damages in an amount that is fair and reasonable, for their costs and expenses incurred herein, and for such other relief as the Court deems just and necessary.

## COUNT II

19. Plaintiffs hereby incorporate the above paragraphs as though fully set forth herein.

20. Immediately prior to and at the time of the aforesaid incident, Defendant Apria, by and through their agents, servants or employees, were careless and negligent in each of the following respects:

   (a) That Defendant Apria's agents, servants or employees carelessly and negligently failed to repair the Wheelchair, Model TDXSP, once the Plaintiffs made their complaints known to Defendant Apria of the instability of the Wheelchair, Model TDXSP, thereby causing unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP, including Plaintiff Joseph Douglas Baldridge;

   (b) That Defendant Apria's agents, servants or employees carelessly and negligently failed to maintain the Wheelchair, Model TDXSP, in a safe and prudent manner, thereby causing unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP, including Plaintiff Joseph Douglas Baldridge;

   (c) That Defendant Apria's agents, servants or employees carelessly and negligently failed to give adequate recalls to purchasers and users of the

Wheelchair, Model TDXSP, including Plaintiffs, about the unreasonably dangerous and defective condition of the Wheelchair, Model TDXSP, and the dangerous propensity of the Wheelchair, Model TDXSP, to rock forward or to the side and thereby cause unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP, including Plaintiff Joseph Douglas Baldridge; and

(d) That Defendant Apria's agents, servants or employees carelessly and negligently put into the stream of commerce the unreasonably dangerous and defective Wheelchair, Model TDXSP, which was eminently dangerous to persons and property when the Wheelchair, Model TDXSP, was used in a manner reasonably to be anticipated by said Defendant Apria because of the dangerous propensity of the Wheelchair, Model TDXSP, to rock forward or to the side and thereby cause unnecessary and severe injury to those persons utilizing the Wheelchair, Model TDXSP.

21. Defendant Apria breached its express warranties in that such product was reported in advertising, literature and manuals as being safe when it was not.

22. Defendant Apria sold the product with knowledge of the defects and dangers hereinabove alleged and committed the negligent acts hereinabove alleged under circumstances which show complete indifference to or conscious disregard for the safety of others.

23. As a direct and proximate result of said carelessness and negligence of Defendant Apria, Plaintiff Joseph Douglas Baldridge experienced serious, permanent and progressive injuries, including breaking both of his lower extremities.

7

24. Plaintiffs Joseph Douglas Baldridge and Julie Anne Baldridge, as a direct result of the negligence of Defendant Apria, have suffered serious, permanent and progressive injuries.

25. These injuries were and are extremely painful and have required medical expenses to be incurred and will require future medical expenses.

26. Plaintiffs have suffered great pain and anguish of body and mind. By reason of these said injuries and the effects thereof, Plaintiff Joseph Douglas Baldridge is obligated for numerous medical bills, hospital bills, drugs and related expenses. These injuries caused by Defendant Apria's negligence, and the resulting required medical treatment have caused Plaintiff Joseph Douglas Baldridge a loss of earnings and his power to work and labor has been permanently effected. The Plaintiff Joseph Douglas Baldridge has been caused to suffer great physical pain and mental anguish and will also suffer in the future. All such permanent injury, pain and suffering, lost earnings and impairment of earning capacity has damaged Plaintiff Joseph Douglas Baldridge greatly.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment against Defendant Apria for damages in an amount that is fair and reasonable, for their costs and expenses incurred herein, and for such other relief as the Court deems just and necessary.

## COUNT III

27. Plaintiffs hereby incorporate the above paragraphs as though fully set forth herein.

28. That Defendant Invacare was in the business of designing, manufacturing, assembling, and distributing wheelchairs, specifically the Wheelchair, Model TDXSP, which was previously identified in this Petition.

29. That Defendant Invacare designed, manufactured, assembled, sold and/or distributed the above-mentioned Wheelchair, Model TDXSP, in the course of their business.

8

30. That the Wheelchair, Model TDXSP, at the time of the incident that is the subject of this Petition, was in substantially the same condition as when it was designed, manufactured, assembled, and distributed by Defendant Invacare.

31. The Wheelchair, Model TDXSP, as designed, manufactured, assembled, and distributed was defective and unreasonably dangerous when put to a reasonably anticipated use.

32. At all times herein mentioned, said wheelchair was being used in the manner intended, or reasonably anticipated, by Defendant Invacare.

33. The wheelchair was then in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that the structure of the stability lock feature would not engage properly causing the wheelchair to rock forward onto it's front riggings and throwing the person who was in the wheelchair.

34. Plaintiffs were damaged as a direct result of such defective and unreasonably dangerous conditions that existed.

35. Defendant Invacare consciously disregarded or was completely indifferent to the safety of the people, including Plaintiff Joseph Doug Baldridge. The aggravating circumstances set out herein entitle Plaintiffs to recover both actual and enhanced damages. Defendant Invacare's conduct herein showed complete indifference to or conscious disregard for the safety of others and Plaintiffs are entitled to an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct.

36. Plaintiffs have suffered great pain and anguish of body and mind. By reason of these said injuries and the effects thereof, Plaintiff Joseph Douglas Baldridge is obligated for numerous medical bills, hospital bills, drugs and related expenses. These injuries caused by Defendant Invacare's negligence, and the resulting required medical treatment have caused Plaintiff Joseph

9

Douglas Baldridge a loss of earnings and his power to work and labor has been permanently effected. The Plaintiff Joseph Douglas Baldridge has been caused to suffer great physical pain and mental anguish and will also suffer in the future. All such permanent injury, pain and suffering, lost earnings and impairment of earning capacity has damaged Plaintiff Joseph Douglas Baldridge greatly.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter judgment against Defendant Invacare for fair and reasonable damages, prejudgment interest, punitive damages and for enhanced damages because of the aggravating circumstances, in fair and reasonable sums in excess of the jurisdictional limit of the Associate Circuit Courts and for their costs herein incurred and for such other relief as is deemed appropriate by the Court.

## COUNT IV

37. Plaintiffs hereby incorporate the above paragraphs as though fully set forth herein.

38. That the Wheelchair, Model TDXSP, at the time of the aforementioned occurrence, was in substantially the same condition as when it was designed, manufactured, assembled, and distributed by Defendant Invacare.

39. At all times mentioned herein, said Wheelchair, Model TDXSP, was being used in the manner intended or reasonably anticipated by Defendants.

40. Said Wheelchair, Model TDXSP, was defective and unreasonably dangerous when put to the use intended or reasonably anticipated by the Defendants.

41. Said Wheelchair, Model TDXSP, was defective and unreasonably dangerous when put to the use intended or reasonably anticipated in that the structure of the stability lock feature would not engage properly causing the wheelchair to rock forward onto its front riggings and throw the person from the wheelchair.

42. The Wheelchair, Model TDXSP, was unreasonably dangerous when put to a reasonably anticipated use without the knowledge of its dangerous characteristics, including the fact that the stability lock feature would not engage properly causing the wheelchair to rock forward onto its front riggings and throw the person from the wheelchair.

43. That Defendant Invacare did not give an adequate warning of the danger.

44. As a direct and proximate result of the actions and omissions of the above-named Defendants, jointly and severally, Plaintiffs were caused to incur damages as a result of the injuries sustained by Plaintiff Joseph Douglas Baldridge.

45. Defendants, jointly and severally, consciously disregarded or were completely indifferent to the safety of the people, including Plaintiff Joseph Douglas Baldridge. The aggravating circumstances set out herein entitle Plaintiffs to recover both actual and enhanced damages. Defendants' conduct herein showed complete indifference to or conscious disregard for the safety of others and Plaintiffs are entitled to an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct.

46. Plaintiffs have suffered great pain and anguish of body and mind. By reason of these said injuries and the effects thereof, Plaintiff Joseph Douglas Baldridge is obligated for numerous medical bills, hospital bills, drugs and related expenses. These injuries caused by Defendant Invacare's negligence, and the resulting required medical treatment have caused Plaintiff Joseph Douglas Baldridge a loss of earnings and his power to work and labor has been permanently effected. The Plaintiff Joseph Douglas Baldridge has been caused to suffer great physical pain and mental anguish and will also suffer in the future. All such permanent injury, pain and suffering, lost earnings and impairment of earning capacity has damaged Plaintiff Joseph Douglas Baldridge greatly.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter judgment against Defendant Invacare for fair and reasonable damages, prejudgment interest, punitive damages and for enhanced damages because of the aggravating circumstances, in fair and reasonable sums in excess of the jurisdictional limit of the Associate Circuit Courts and for their costs herein incurred and for such other relief as is deemed appropriate by the Court.

THE LAW OFFICES OF
STEPHEN R. BOUGH

By _____
Stephen R. Bough, #46239
M. Blake Heath, #61939
917 W. 43rd Street, Suite 100
Kansas City, MO 64111
(816) 931-0048 Phone
(816) 931-4803 Fax
stephen@boughlawfirm.com
blake@boughlawfirm.com

ATTORNEYS FOR PLAINTIFF